UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETTER GOVERNMENT ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 9070 |
| v. | ) | |
| | ) | Judge Durkin |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

Defendant Federal Bureau of Investigation, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

Plaintiff's claim against the FBI is barred because plaintiff failed to exhaust its administrative remedies prior to filing suit.

### Second Defense

Answering the specific allegations of the complaint, the FBI admits, denies, or otherwise avers as follows:

### INTRODUCTION

1.      Pursuant to the fundamental philosophy of the American constitutional form of government, it is the public policy of the United States to foster democracy and allow any person to obtain copies of the records of agencies for any public or private purpose consistent with the terms of the federal Freedom of Information Act, 5 U.S.C. § 552.

**Response:** Admit.

2. Plaintiff BETTER GOVERNMENT ASSOCIATION ("BGA") is a nonpartisan, Illinois non-profit corporation, whose mission is to educate the public about waste, inefficiencies, and corruption in government by acting as a watchdog agency uncovering and exposing this type of activity; to promote respect for the law; and to support public officials in the rightful performance of their duties. BGA was founded in 1923 to protect the integrity of the political process in Chicago.

**Response:** The FBI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2; accordingly, they are denied.

3. Defendant FBI is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

**Response:** Admit.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.

**Response:** The FBI admits that the court has subject matter jurisdiction over this action pursuant to 5 U.S.C § 552 (a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because BGA resides in this judicial district.

**Response:** Admit.

## BGA'S FOIA REQUESTS AND FBI'S FAILED RESPONSES

6. In an effort to understand why the FBI created a section on its publicly funded website devoted to "Fun and Games," what it has cost the taxpayers, and what benefits it has produced, BGA requested under FOIA various cost-benefit analyses of the Fun and Games

section of the FBI's website and other related records. A true and correct copy of the request is attached as Exhibit A.

**Response:** The FBI admits that BGA submitted a FOIA request in March 2013 seeking records regarding the Fun and Games section of the FBI's website and that the March 2013 FOIA request is attached as Exhibit A to the complaint. The FBI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6; accordingly, they are denied.

7. On April 16, 2015, the FBI informed BGA that after searching the "Central Records System," it was unable to identify records responsive to BGA's FOIA request. A true and correct copy of the response letters is attached as Group Exhibit B.

**Response:** Admit.

8. In its responses, FBI asked BGA to provide "additional information pertaining to the subject that you believe was of investigative interest to the Bureau."

**Response:** The FBI admits that its April 16, 2015 responses stated that if BGA had "additional information" pertaining to the subject that BGA believed "was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search."

9. FBI's request for more information appears to demonstrate that no human being actually read or intelligently considered the subject matter of the request and that the search performed was part of an automated process divorced from the reality of the request. Clearly the FBI website and its Fun & Games character "Bobby Bureau" are not subjects of an FBI investigation, and clearly records responsive to the request would not be found in the CRS.

**Response:** Deny.

10. Further, while, as a seasoned FOIA requester, BGA is aware of what the CRS is and that FBI routinely conducts this sort of nonsensical search rather than individually consider where responsive records are likely to exist, the generic form response letters fail to explain that the search included only a limited subset of the FBI's files and implies to the requester that nothing further can be done to search for records in other places.

**Response:** Deny.

11. On July 21, 2015, BGA informed Defendant that its FOIA requests sought records existing in any FBI files, not just CRS, and again requested that the records be produced. A true and correct copy of this correspondence is attached as Exhibit C.

**Response:** The FBI admits that BGA claimed in a July 21, 2015 email that the FBI did not conduct a "reasonable search" for documents responsive to BGA's March 2013 FOIA request. The FBI also admits that BGA's July 2015 email is attached as Exhibit C to the complaint.

12. On July 21, 2015, FBI acknowledged receipt of BGA's July 21, 2015 FOIA request.

**Response:** Admit.

13. On August 29, 2015, BGA inquired after the status of the FBI's search for the responsive records.

**Response:** Deny.

14. FBI has not responded to BGA's July 21 request or August 29 follow-up.

**Response:** Deny. The FBI avers that it responded to BGA's July 21, 2015 email.

15. FBI is well aware that limiting its search for responsive records to the Central Records System is insufficient, yet continues to conduct searches in this manner.

**Response:** Deny.

16. On April 1, 2014, reporter Jason Leopold wrote that the "FBI is notorious for a responding to FOIA requests by stating that a search of its Central Records System (CRS) did not turn up 'main file records' responsive to a FOIA request. But the FBI often fails to conduct a cross-reference search or even a search of its Electronic Case File (ECF) for responsive records unless specifically directed to do so."

**Response:** The FBI admits that Jason Leopold wrote the statements in paragraph 16.

17. Leopold subsequently filed suit against the FBI to litigate, in part, the reasonableness of the FBI's search for records relating to his FOIA request.

**Response:** Deny.

18. During the course of that litigation, U.S. District Court Judge Friedman wrote that "The Court is not persuaded that the FBI has conducted 'a good faith, reasonable search of those systems of records likely to possess the requested information' as required under the FOIA."

**Response:** The FBI admits that Judge Friedman wrote the statement in paragraph 18 in a March 31, 2014 opinion. The FBI denies that the statement was made in a lawsuit filed by Leopold.

19. Upon information and belief, FBI is well aware that its form response letters with regard to CRS and its refusal to search anywhere else unless specifically requested causes many requesters to abandon their requests without realizing that responsive records may exist elsewhere. Upon information and belief, this is the intended result of FBI's FOIA response practices.

**Response:** Deny.

## COUNT I – VIOLATION OF FOIA

20. The above paragraphs are incorporated herein.

**Response:** The FBI repeats and incorporates herein by reference its responses to paragraphs 1-19.

21. Defendant FBI is an agency subject to FOIA.

**Response:** Admit.

22. The requested records are not exempt under FOIA.

**Response:** Because the FBI was unable to identify any records responsive to BGA's FOIA request, the FBI lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22; accordingly, the allegations are denied.

23. Defendant FBI has failed to conduct a reasonable search for or produce the responsive records.

**Response:** Deny.

WHEREFORE, the FBI requests that this case be dismissed with costs and that the court award such other relief as may be appropriate.

    Respectfully submitted,

    ZACHARY T. FARDON
    United States Attorney

    By: s/ Prashant Kolluri
        PRASHANT KOLLURI
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-9085
        prashant.kolluri@usdoj.gov